McFaelaND, J,,
delivered the opinion of the court..
By the 5th clause of James Calloway’s will, he bequeaths all his money, together with the ¡proceeds of the sale of his land and personal property, to be equally divided between six of his children, naming them, and among the number is Juda Eliza Garner, wife of J.. B. Garner. The bequest is absolute and without limitation, so far as this clause of the will goes. By the 6th clause he provides: “ I also will and direct that such proportion of my property or estate hereinbefore willed to my daughter, Juda Eliza Garner, shall go into the hands of my executors as trustee, for her sole separate use. and benefit, and direct that my executors may, if they choose, keep and use the money so going to her, by paying six per cent, to her during her natural lifetime and at her death to the heirs of her body — but then only the interest to be paid annually to the children, until they arrive at the age of twenty- *50 •one years; but in case she shall die without issue, or her children, if (she) shall have any, die without ■issue, then I will and bequeath that part of my estate in the hands of my executors which I have set apart for her, shall be equally divided between my five ■children — Shade Calloway,” (and others, naming them.)
The executors failed to qualify, and the defendant, Dowling, is the administrator of the estate with the will annexed, and has in his hands, as the one-fifth ■of the moneys, etc., bequeathed by the 5th clause to Mrs. Garner, the sum of about $1,016.00, which has been in* his hands since his settlement, 20th March, 1867. Mrs. Garner has had no children, and in her bill charges that “she is now past the time of life when it can be reasonably expected that she will have any.” She further charges and shows, that three of the five children of James Calloway, to whom, by the sixth clause, the fund is bequeathed in the event she or her children die without issue, have released to her their contingent interest in the fund. The annual interest of the fund, she charges, has not been paid to her. She prays, that interest upon the entire fund be paid to her to the present time, and the three-fifths of the principal, released to her by her brothers, as aforesaid, be also paid to her.
This was the chancellor’s' decree. That she is entitled to the annual interest admits of no doubt. The fund should be in the hands of the trustees appointed by the will — their failure to qualify as executors does not necessarily remove them as trustees; upon their renouncing the trust or refusing to act, a *51 trustee should be appointed. The appointment of. Dowling administrator, does not constitute him a trustee ; but as to this interest upon the fund now due Mrs. Garner, there is no reason why it should pass through the hands of a trustee, but the decree directing the same to be paid directly to the complainant is clearly correct.
As to the three-fifths of the principal of the fund claimed by Mrs. Garner, under the release or assignments by her brothers of their contingent interest, there can be no doubt that they might assign to Mrs. Garner any contingent or other interest they might have in the fund. A contingent remainder is assignable, as is well settled; but assuming that they had the interest claimed, does this assignment entitle Mrs. Garner to have the proportion of the fund, which in the given contingency will be due them, paid to her now? It may be conceded that the interest which she would thus acquire by assignment, would not be subject to the limitations or restrictions of the will, but would vest in her absolutely the same rights held by the assignees; and she might again sell or assign this interest at pleasure, but this would not entitle her to have this three-fifths of the fund now paid to her, for she can, under this assignment, have no greater rights than the persons who made the assignment, and it is clear that they -were not entitled to have their part of the fund now paid to them; for it is conceded that if they have any interest it is only a contingent interest, upon the contingency of Mrs. Garner or her children dying without issue; and in the de *52 termination of this contingency the fund was directed to remain in the hands of a trustee. This contingency has not yet been determined. It is stated in the bill that Mrs. Garner is past the time of life when she may be reasonably expected to have any children, but her age is' not shown, and if it were, in legal contemplation it is not impossible she may have children, and the contingency is not determined until her death. Therefore, in any event it was error to direct the three-fifths of the principal of the fund to be paid to her.
Whether the limitations of this will in favor of the five children of the testator, made dependent upon the contingency of the first taker dying without issue, is void as being too remote, or is controlled by section 2009 of the Code, we need not now determine. The complainant only claims the three-fifths assigned to her; as to the other two-fifths in remainder, the question is not now before us.
The decree will be in favor of the complainant for .the interest now due her; but she will not be entitled to have the three-fiths of the fund assigned to her, now paid to her. The cause will be remanded, with directions to secure the remainder of the fund by placing the same in the hands of a trustee, either the trustees named in the will, or some other if they refuse to act; and to secure also the future payments of interest to the complainant. The costs will be paid' out of the fund.